UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LUIS F. PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-112-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. C. HOLLAND, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Luis F. Perez is an inmate confined in the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Perez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the amount of jail time the Bureau of Prisons ("BOP") has credited against his federal sentence. [R. 1.] Perez contends that because his federal sentence was ordered to run concurrently with his state sentence, the BOP erred by not awarding him credit on his federal sentence for the time he spent in state custody, beginning from the date of arrest on the state charge, November 7, 2002.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Given that the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Moreover, at this stage of the litigation, the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, habeas relief may be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I**

On November 7, 2002, Perez was arrested by Indiana police and charged with distribution of cocaine. He was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* on December 6, 2002, to be arraigned on federal charges that he conspired to possess with intent to distribute more than 500 grams of methamphetamine and possessed with intent to distribute more than 50 grams of methamphetamine, all in violation of 18 U.S.C. §§ 841(a)(1) and 846. *United States v. Perez,* No. 1:02-CR-00169-004 (S.D. Ind. 2002). Following his appearance in federal court Perez was returned to state custody.

On September 25, 2003, Perez was sentenced on the state charge in Indiana, and received a 20-year sentence. *See* Indiana state case #49G2002202FA054671. On December 18, 2003, Perez entered into a plea agreement with the United States and pled guilty to some, but not all, of the federal charges. He was sentenced to a 188-month term of incarceration, which the federal court ordered to run concurrently with his Indiana sentence. [R. 1-2, p. 2] He was then returned to state custody on January 8, 2004, to complete service of his Indiana sentence. On October 1, 2010, Perez completed his state sentence and was taken into federal custody to commence service of the federal sentence.

**II**

**A**

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is governed by federal statute:

> (a)  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  The BOP implements § 3585 through Program Statement 5880.28.

When an individual violates the criminal laws of two or more sovereigns, the first sovereign to arrest the defendant obtains "primary custody" over him, and is entitled to require the defendant to serve his criminal sentence imposed by it first. *Ponzi v. Fessenden*, 258 U.S. 254 (1922).  Primary custody remains until the sovereign expressly relinquishes control over the person, *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982), and that may be shown when it dismisses all the charges against the defendant or releases him upon service of the sentence imposed or to parole. *Berry v. Sullivan*, 2007 WL 4570315, at *2 (D.N.J. 2007).  The fact that Perez was temporarily transferred into federal custody pursuant to a writ of habeas corpus *ad*

3

*prosequendum* did not cause Indiana to relinquish primary custody. *Easley v. Steep*, 5 F. App'x 541, 543 (7th Cir. 2001). Indiana obtained primary jurisdiction over Perez when it arrested him first, and he was in the custody of Indiana when he was indicted on the federal charges. Perez was temporarily removed from the Indiana state prison for prosecution of the federal charges; however, he remained in the primary custody of Indiana during that period of time. He began receiving credit on his state sentence from the date he was arrested on the state charge, November 7, 2002, and for all of the time thereafter, through December 17, 2003.

**B**

Perez contends that because the federal court ordered his federal sentence to run concurrently with his state sentence, he is entitled to credit on the federal sentence for the time spent in state custody that was credited to the state sentence even before the federal sentence was imposed. In his view, the concurrent federal sentence means that it must run exactly at the same time as the state sentence. Nevertheless, his argument ignores the fact that these two sentences are of different lengths and were imposed at different times: the 20-year state sentence was imposed on September 25, 2003, and the 188-month federal sentence was imposed on December 18, 2003.

Perez's claim is precluded by 18 U.S.C. § 3585(a) and (b). First, a federal sentence cannot commence before the date it is imposed:

> As a general rule, a term of incarceration commences on the date that the BOP takes custody of the prisoner to commence service of his federal sentence. 18 U.S.C. § 3585(a). To give due effect to this statutory provision, even where a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the *undischarged* portion of the prior state conviction. *See United States v. Tackles*,

4

>    2003 WL 1849350 (10th Cir. 2003); *Bianco v. Minor*, 2003 WL 21715347, \*\*10-15 (M.D. Pa. 2003).

*Blecher v. E.K. Cauley*, No. 08-132, 2009 WL 464932, at \*2 (E.D. Ky. Feb. 24, 2009) (emphasis in original).  The *Blecher* court further explained that the Sixth Circuit has held that any attempt to "adjust" the commencement date of a federal sentence would violate 18 U.S.C. § 3585(a). [*Id.*]

Second, a federal sentence cannot commence until "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  When Perez was sentenced in federal court, he was in federal custody solely pursuant to a writ of habeas corpus *ad prosequendum*, a device which required his return to Indiana authorities upon conclusion of the federal prosecution.  After imposition of the federal sentence on December 18, 2003, he was properly returned to Indiana state prison to complete service of the state sentence.  Perez received credit on his state sentence during the entire time he was in temporary federal custody on the writ of habeas corpus *ad prosequendum.*  For this reason, 18 U.S.C. § 3585(b) precludes his entitlement to any prior custody credit on the federal sentence before December 18, 2003, as he received credit on his state sentence for all of the time spent in state custody from November 7, 2002 through December 17, 2003.  Because the record fails to indicate that Perez is entitled to additional credit, his petition does not provide a basis for relief.

5

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Perez's petition for writ of habeas corpus [R. 1] is **DENIED**;

(2) The Court will enter an appropriate judgment filed contemporaneously herewith; and

(3) This matter is **STRICKEN** from the active docket.

This 11th day of February, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

6